SM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David LaDon Hart, | No. CV-22-02067-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Granado, et al., | |
| Defendants. | |

Plaintiff David LaDon Hart brought this pro se civil rights action pursuant to federal and state law and paid the filing fee. (Doc. 1.) Plaintiff sues Defendants United States of America, Joshua Granado, Tyler Whitt, Alan Barone, Phoenix Veterans Police Department, Gilbert Police Department, Wendy Shea, Joshua Fister, and Richard Kennedy. Before the Court is Gilbert Police Department's Motion to Dismiss. (Doc. 55.) Plaintiff was informed of his right and obligation to respond to the Motion (Doc. 56), but he did not file a response.

**I.  Second Amended Complaint**

In his Second Amended Complaint, Plaintiff alleges that:

> On December 7th 2021, Defendant Joshua Granado, wrote a police report and attached the Plaintiff's name to said report, without the Plaintiff's knowledge and without actually interviewing the Plaintiff.  However, per the Defendant's statement [of] facts dated, 12/7/2023, he stated that he did not need to interview the Plaintiff and thus, did not conduct an interview because, he felt it was unnecessary.  The Defendant, with the assistance of and under the direction of Defendants[]

> Shea, Dewerth, Whitt, Barone, Fister, Kennedy, and Bowen. Moreover, the Defendants conspired to fabricate charges against the Plaintiff in order to cover up an unlawful arrest. Then, in April of 2022, Defendant Granado[] filed another fictitious police report. Wherein, he forged the Plaintiffs' [sic] name on said report. Furthermore, the Defendants withheld evidence, i.e., the forged statement from Plaintiff and his attorneys, disallowing him the opportunity to defend himself in civil court.

(Doc. 23 at 5.) Plaintiff brings several claims against Defendants including false statements under 18 U.S.C. § 1001, deprivation of rights under 18 U.S.C. § 242, false arrest and imprisonment in violation of the Fourth Amendment under 42 U.S.C. § 1983, tampering with evidence under Arizona Revised Statutes § 13-2809, and conspiracy under 18 U.S.C. § 241. (*Id.* at 4.) Plaintiff seeks special damages, punitive damages, costs, a formal letter of apology from Defendants, and any other damages allowed by law. (*Id.* at 5−6.)

## II.     Motion to Dismiss Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted).

To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III.   Discussion**

Defendant Gilbert Police Department argues that it should be dismissed from the action because it is a non-jural entity and because Plaintiff's claims against it fail as a matter of law. (Doc. 55.) Plaintiff did not respond to the Motion to Dismiss.

Police departments are subparts of municipalities and are not separate entities for purposes of suit. *See Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008). Courts have likewise held that police departments are non-jural entities and lack the capacity to be sued for state law claims. *See Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010); *see also Medrano v. City of Phoenix*, No. 1 CA-CV 13-0484, 2014 WL 5494931, at *1 n.4 (Ariz. Ct. App. Oct. 30, 2014) ("[b]ecause it is a non-jural entity that cannot be sued, the Phoenix Police Department was dismissed as a putative party"). Accordingly, the Gilbert Police Department is not a proper Defendant under § 1983 or state law and must be dismissed as to Plaintiff's § 1983 claim and his state law claim § 13-2809.[1]

To the extent Plaintiff seeks relief under 18 U.S.C. §§ 241, 242, and 1001, "[t]hese criminal provisions provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (sections 241 and 242 do not provide a basis for civil liability); *Black v. Young*, 685 F. App'x 514, 515 (9th Cir. 2017) (same); *see also Henry v. Bartlett-Tucker*, No. CV-23-00142-TUC-RCC, 2023 WL 2787762, at *2 (D. Ariz. Apr. 5, 2023) ("As a private party, Plaintiff cannot bring a civil lawsuit alleging violations of federal criminal statutes."); *Daniels v. BMF VAZ Saddle, LLC*, No. CV-23-00070-TUC-CKJ (EJM), 2023 WL 3585248, at *5 (D. Ariz. May 22, 2023) ("As an initial matter, Title 18 contains criminal statutes and is irrelevant to a private, civil action."), *report and recommendation adopted sub nom. Daniels v. BMF V AZ Saddle, LLC*, No. CV-23-00070-TUC-CKJ (EJM),

---

[1] The Court will not address the merits of these claims at this time.

2023 WL 3994915 (D. Ariz. June 14, 2023); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (upholding dismissal of plaintiff's claims alleging violations of 18 U.S.C. 1001, among others, on grounds that criminal statutes do not provide private right of action and are not enforceable through a civil action); *AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 N.1 (6th Cir. 2004) (finding no private cause of action for violation of 18 U.S.C. § 1001); *Ng v. HSBC Mortg. Corp.*, No. 07-CV-5434, 2010 WL 889256 at *9 (E.D.N.Y. Mar. 10, 2010) (collecting cases stating no private cause of action created under 18 U.S.C. § 1001). Accordingly, Plaintiff's claims under 18 U.S.C. §§ 241, 242, and 1001 must be dismissed with prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Gilbert Police Department's Motion to Dismiss (Doc. 55), and the Motion is **granted**.

(2) Defendant Gilbert Police Department is **dismissed with prejudice**.

(3) Plaintiff's claims under 18 U.S.C. §§ 241, 242, and 1001 are **dismissed with prejudice**.

Dated this 6th day of November, 2023.

James A. Teilborg
Senior United States District Judge