SM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David LaDon Hart, | No. CV-22-02067-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Granado, et al., | |
| Defendants. | |

Plaintiff David LaDon Hart brought this pro se civil rights action pursuant to federal and state law and paid the filing fee. (Doc. 1.) Before the Court is Defendants' Motion to Dismiss. (Doc. 75.) Plaintiff was informed of his right and obligation to respond to the Motion (Doc. 76), and he opposes the Motion (Doc. 78). Also before the Court are Defendant Shea's Motion to Set Aside Default (Doc. 74) and Magistrate Judge James F. Metcalf's Report and Recommendation (R&R) recommending that the Motion to Set Aside Default be granted (Doc. 77).

The Court will accept and adopt the R&R, grant the Motion to Set Aside Default and the Motion to Dismiss, and give Plaintiff 30 days to file a third amended complaint.

**I.    Background**

In his Second Amended Complaint, Plaintiff alleges that:

> On December 7th 2021, Defendant Joshua Granado, wrote a police report and attached the Plaintiff's name to said report, without the Plaintiff's knowledge and without actually interviewing the Plaintiff. However, per the Defendant's statement [of] facts dated, 12/7/2023, he stated that he did not

> need to interview the Plaintiff and thus, did not conduct an interview because, he felt it was unnecessary. The Defendant, with the assistance of and under the direction of Defendants[] Shea, Dewerth, Whitt, Barone, Fister, Kennedy, and Bowen. Moreover, the Defendants conspired to fabricate charges against the Plaintiff in order to cover up an unlawful arrest. Then, in April of 2022, Defendant Granado[] filed another fictitious police report. Wherein, he forged the Plaintiffs' [sic] name on said report. Furthermore, the Defendants withheld evidence, i.e., the forged statement from Plaintiff and his attorneys, disallowing him the opportunity to defend himself in civil court.

(Doc. 23 at 5.) Plaintiff names as Defendants the Gilbert Police Department (GPD); Officers Barone, Fister, Granado, Kennedy, Shea, Whitt; the Phoenix Veterans Police Department (PVPD); and United States of America. (*Id.*) Plaintiff brings several claims against Defendants including false statements under 18 U.S.C. § 1001, deprivation of rights under 18 U.S.C. § 242, false arrest and imprisonment in violation of the Fourth Amendment under 42 U.S.C. § 1983, tampering with evidence under Arizona Revised Statutes § 13-2809, and conspiracy under 18 U.S.C. § 241. (*Id.* at 4.) Plaintiff seeks special damages, punitive damages, costs, a formal letter of apology from Defendants, and any other damages allowed by law. (*Id.* at 5−6.)

On October 26, 2023, the Court construed Plaintiff's Motion for Default Judgment (Doc. 64) as an application for entry of default, granted the motion, and directed the Clerk of Court to enter default against Defendant Shea; the Clerk of Court entered default against Defendant Shea that same day. (Docs. 65, 66.)

In an Order issued November 6, 2023, the Court granted GPD's Motion to Dismiss (Doc. 55) and dismissed GPD and Plaintiff's claims under 18 U.S.C. §§ 241, 242, and 1001 with prejudice. (Doc. 73.) Defendants Barone, Fister, Granado, Kennedy, Shea, Whitt, PVPD, and United States of America now move to dismiss the Second Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. 75.)

On November 13, 2023, Defendant Shea moved to set aside the entry of default, and on December 5, 2023 (Doc. 74), Magistrate Judge Metcalf issued an R&R recommending that the Motion to Set Aside Default be granted (Doc. 77).

**II.    R&R/Motion to Set Aside Default**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *accord Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia,* this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,* 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

On December 5, 2023, Magistrate Judge Metcalf issued an R&R recommending that the entry of default against Defendant Shea be set aside because it was entered prematurely. (Doc. 77.) Neither party filed objections to the R&R, and the time to do so has expired. The Court is therefore not obligated to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). Even so, the Court has reviewed Judge Metcalf's R&R and incorporates and adopts it. Accordingly, Defendant Shea's Motion to Set Aside Default (Doc. 74) is granted, and the Clerk of Court will be directed to vacate the Entry of Default against Defendant Shea (Doc. 66).

### III. Motion to Dismiss Legal Standards

#### A. Rule 12(b)(1)

Rule 12(b)(1) allows a defendant to raise the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When considering a motion to dismiss for lack of subject matter jurisdiction, the Court takes as true the material facts alleged in the complaint. *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). But the Court is not restricted to the face of the pleadings; it may consider affidavits to resolve any factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citation omitted); *see Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment). If a defendant files a Rule 12(b)(1) motion attacking the existence of subject-matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

#### B. Rule 12(b)(6)

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal

quotation omitted).

To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV.   Discussion**

    **A.   Ariz. Rev. Stat. § 13-2809**

Defendants argue that Plaintiff's claim for tampering with evidence must be dismissed because Arizona Revised Statutes § 13-2809 is a criminal statute that does not provide a basis for civil liability. (Doc. 75 at 4.) In its entirety, the statute provides that:

> A person commits tampering with physical evidence if, with intent that it be used, introduced, rejected or unavailable in an official proceeding which is then pending or which such person knows is about to be instituted, such person:
>
> 1. Destroys, mutilates, alters, conceals or removes physical evidence with the intent to impair its verity or availability; or
>
> 2. Knowingly makes, produces or offers any false physical evidence; or
>
> 3. Prevents the production of physical evidence by an act of force, intimidation or deception against any person.
>
> B. Inadmissibility of the evidence in question is not a defense.
>
> C. Tampering with physical evidence is a class 6 felony.

Ariz. Rev. Stat. § 13-2809. Thus, one who violates section 13-2809 may be subject to criminal prosecution, but the statute does not provide a civil remedy. Accordingly, Plaintiff's claim under section 13-2809 must be dismissed.

    **B.   Defendants United States and PVPD**

To the extent Plaintiff brings a § 1983 claim against the United States and the PVPD, those claims must also be dismissed. Defendants are correct that there is no such thing as the PVPD; Plaintiff more than likely intended to name the Department of Veterans Affairs

- 5 -

JDDL-K

Police Department ("VA Police") as a Defendant. Moreover, by its express terms, § 1983 applies to "person[s]" acting under color of state law. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). The United States and the VA Police are not "persons" for the purposes of a § 1983 claim. Moreover, even if Plaintiff intended to bring a federal claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), such a claim is inapplicable to the United States or the VA Police because it exists solely against federal officials. *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). Likewise, Plaintiff would not be able to pursue his Fourth Amendment claim against the United States under the Federal Tort Claims Act (FTCA) because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994).

For the foregoing reasons, Defendants United States and PVPD will also be dismissed.

### C.     Individual Defendants

To prevail on a Fourth Amendment false arrest claim, a plaintiff must be able to show that there was no probable cause for the arrest. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citation omitted). Probable cause exists when an officer has reasonably trustworthy information of facts and circumstances that are sufficient to justify the belief that an offense has been or is being committed. *Stoot v. City of Everett*, 582 F.3d 910, 918 (9th Cir. 2009) (citing *Brinegar v. United States*, 338 U.S. 160, 175−76 (1949) (internal quotation marks omitted)). "Probable cause is an objective standard and the officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes. *John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008). When determining whether probable cause exists, the Court looks to the totality of the circumstances known to the arresting officer at the time of the arrest. *Id.* (internal quotation marks and citation omitted). "In applying these standards, [the Court] must consider all the facts known to the officers and consider all the reasonable inferences that could be drawn by them before the arrest." *United States v. Martin*, 509 F.2d 1211, 1213 (9th Cir. 1975). Where any

potential crime is supported by probable cause, the arrest is justified. *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 952 (9th Cir. 2003), *overruled on other grounds by Edgerly v. City & Cnty. of San Francisco,* 599 F.3d 946, 956 n. 14 (9th Cir.2010); *Barry v. Fowler*, 902 F.2d 770, 773, n.5 (9th Cir. 1990); *Lacy v. Cnty. of Maricopa*, 631 F. Supp. 2d 1183, 1194 (D. Ariz. 2008).

To prevail on a claim of fabrication of evidence, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). Not all inaccuracies in an investigative report give rise to a constitutional claim, and mere carelessness, mistakes in tone, or errors concerning trivial matters are insufficient. *Id.* Additionally, "fabricated evidence does not give rise to a claim if the plaintiff cannot 'show the fabrication actually injured her in some way.'" *Id.*, *quoting Whitlock v. Brueggemann*, 682 F.3d 567, 585 (7th Cir. 2012).

Here, Plaintiff's conclusory allegations fail to plausibly show that Defendants Granado, Shea, Whitt, Barone, Fister, and Kennedy were personally involved in a deprivation of his civil rights. Plaintiff vaguely claims that Defendant Granado included Plaintiff's name in a police report without his knowledge and without interviewing him, that the other Defendants "assist[ed]" and "direct[ed]" Defendant Granado to do so, and that all Defendants "conspired to fabricate charges" against him to "cover up an unlawful arrest." (Doc. 23 at 5.) Plaintiff also claims that Defendants "withheld evidence" from Plaintiff and denied him the ability "to defend himself in civil court." (*Id.*) Plaintiff does not provide any specific facts about the evidence that was allegedly withheld and/or fabricated, the events surrounding his arrest, what charges were brought against him, the nature and outcome of his court case, the contents of the police report, or any other facts that would show he was arrested without probable cause and that the alleged fabrication of evidence caused him to suffer a deprivation of liberty. Accordingly, Plaintiff's claims against the individual Defendants must also be dismissed.[1]

---

[1] Defendants also argued that the individually named Defendants are all federal

- 7 -

## V.  Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The third amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or prior Amended Complaints by reference. Plaintiff may include only one claim per count.

A third amended complaint supersedes the original Complaint and prior Amended Complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and prior Amended Complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or prior Amended Complaints and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a third amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IT IS ORDERED:**

(1)  The reference to the Magistrate Judge is **withdrawn** as to Defendant Shea's Motion to Set Aside Default (Doc. 74) and Defendants' Motion to Dismiss (Doc. 75).

(2)  The Magistrate Judge's R&R (Doc. 77) is **accepted** and **adopted**.

(3)  Defendant Shea's Motion to Set Aside Default (Doc. 74) is **granted**, and the Clerk of Court must **vacate** the Entry of Default against Defendant Shea (Doc. 66).

(4)  Defendants' Motion to Dismiss (Doc. 75) is **granted**, and the Second Amended Complaint (Doc. 23) is **dismissed without prejudice** for failure to state a claim.

---

employees, and therefore, Plaintiff's § 1983 claims are inapplicable to them. (Doc. 75 at 5.) It is not clear from the face of the First Amended Complaint where the individually named Defendants are employed. However, Plaintiff is advised that if he files an amended complaint, § 1983 claims can only be brought against state actors who were acting under color of state law. If Defendants are federal employees, Plaintiff's claim against them are more appropriately brought under *Bivens*.

Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(5) If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

Dated this 8th day of January, 2024.

*James A. Teilborg*
Senior United States District Judge