SM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David LaDon Hart,<br><br>    Plaintiff,<br><br>v.<br><br>Joshua Granado, et al.,<br><br>    Defendants. | No. CV-22-02067-PHX-JAT (JFM)<br><br>**ORDER** |

  Plaintiff David LaDon Hart brought this pro se civil rights action pursuant to federal and state law and paid the filing fee. (Doc. 1.) Plaintiff sues Joshua Granado, Tyler Whitt, Alan Barone, Joshua Fister, Richard Kennedy, Wendy Shea, Frederick Dewerth, Denis McDonough, the Phoenix Veterans Police Department (PVPD), and the United States of America. Before the Court are Defendants' Motion to Dismiss[1] (Doc. 83) and Plaintiff's Motion to Amend (Doc. 90).

**I. Motion to Amend/Motion to Dismiss**

  The Court will grant Plaintiff's unopposed Motion to Amend and direct the Clerk of Court to file Plaintiff's proposed Fourth Amended Complaint (Doc. 90 at 1–4). Because the filing of the Fourth Amended Complaint renders Plaintiff's Third Amended Complaint (Doc. 82) nonexistent, the Court will deny Defendants' Motion to Dismiss the Third Amended Complaint (Doc. 83) as moot. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

---

[1] Plaintiff was informed of his right and obligation to respond to the Motion (Doc. 84), and he opposes the Motion (Doc. 87).

1992) (an amended complaint supersedes any previous complaints, and the Court will treat the previous complaints as nonexistent). Notwithstanding, upon review of the Fourth Amended Complaint, the Court will dismiss Plaintiff's claims under Rule 12(b)(6) and terminate the action with prejudice for the reasons set forth below. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (a court may sua sponte dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) without prior notice where the claimant cannot possibly win relief); *see also Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

## II. Fourth Amended Complaint

In his Fourth Amended Complaint, Plaintiff alleges that:

> On December 7, 2021, Plaintiff was arrested by Defendant Granado at the Southeast CBOC [Community Based Outpatient Clinic], a property under exclusive jurisdiction of the Gilbert Police. Plaintiff was not taken before a magistrate immediately following his arrest on 7 December 2021. Plaintiff[] was not informed as to why he was being arrested and searched incident to his arrest and without probable cause. Plaintiff's right to be free from unlawful detention, search and seizure. Plaintiff was placed in a holding cell and handcuffed to a bench for 30–45 minutes, then cited and released. Plaintiff's right to be free from unlawful arrest, search and seizure.
>
> On 7 December 2021, Defendant[s] Granado and Dewerth discussed the Plaintiff's arrest and per a witness, stated that Granado, "should not have arrested the Plaintiff because he did not have jurisdiction," and that Granado should, "write up some charges and make sure that they stick."
>
> On or about April 1, 2022, Defendants Granado, Dewerth, Kennedy, Fister, Barone, . . . and Whitt, allegedly used their positions as federal agents to withhold exculpatory evidence (written statements) in [Plaintiff's] criminal case stemming from the Plaintiff's arrest. Per Attorney Schreck, witnesses and the [Equal Employment Opportunity Commission].
>
> On 7 December 2021, Defendant Shea, wrote several statements, verbal and written, to the [Veterans Affairs] Police and the Phoenix [Veterans Affairs] Administration stating that, the "Plaintiff attacked a patient and that he was a danger to

- 2 -

>patients." Defendant Shea's statements were used to remove Plaintiff from his position and later terminate his employment. Defendant Shea's negative and false statements are presently being used by the Phoenix [Veterans Affairs] and the Arizona Board of Nursing, in an effort to remove the Plaintiff's Nursing license.

(Doc. 90 at 2.) Plaintiff alleges that, "[a]t all relevant times, the Defendants worked for the Department of Veterans Affairs." (*Id.*)

Plaintiff brings several claims against Defendants including false statements under 18 U.S.C. § 1001, unlawful arrest in violation of the Fourth and Fifth Amendment, due process violation under the Fifth Amendment, and defamation/libel. (*Id.* at 3.)

## III. Rule 12(b)(6) Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted).

To survive review under Rule 12(b)(6), a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV. Discussion

### A. Defendants United States and PVPD

To the extent Plaintiff brings a § 1983 claim against the United States and the PVPD, those claims must be dismissed. There is no such thing as the PVPD; Plaintiff more than likely intended to name the Department of Veterans Affairs Police Department ("VA Police") as a Defendant. However, by its express terms, § 1983 applies to "person[s]" acting under color of state law. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). The United States and the VA Police are not "persons" for the purposes of a § 1983 claim. Moreover, even if Plaintiff intended to bring a federal claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), such a claim is inapplicable to the United States or the VA Police because it exists solely against federal officials. *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). Likewise, Plaintiff would not be able to pursue his Fourth and Fifth Amendment claims against the United States under the Federal Tort Claims Act (FTCA) because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). For these reasons, Defendants United States and PVPD are dismissed.

### B. 18 U.S.C. § 1001 Claims

To the extent Plaintiff seeks relief under 18 U.S.C. § 1001, this criminal statute "provide[s] no basis for civil liability." *See Henry v. Bartlett-Tucker*, No. CV-23-00142-TUC-RCC, 2023 WL 2787762, at *2 (D. Ariz. Apr. 5, 2023) ("As a private party, Plaintiff cannot bring a civil lawsuit alleging violations of federal criminal statutes."); *Daniels v. BMF VAZ Saddle, LLC*, No. CV-23-00070-TUC-CKJ (EJM), 2023 WL 3585248, at *5 (D. Ariz. May 22, 2023) ("As an initial matter, Title 18 contains criminal statutes and is irrelevant to a private, civil action."), *report and recommendation adopted sub nom. Daniels v. BMF V AZ Saddle, LLC*, No. CV-23-00070-TUC-CKJ (EJM), 2023 WL 3994915 (D. Ariz. June 14, 2023); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (upholding dismissal of plaintiff's claims alleging violations of 18 U.S.C. 1001, among others, on grounds that criminal statutes do not provide private right of action and

are not enforceable through a civil action); *AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 n.1 (6th Cir. 2004) (finding no private cause of action for violation of 18 U.S.C. § 1001); *Ng v. HSBC Mortg. Corp.*, No. 07-CV-5434, 2010 WL 889256 at *9 (E.D.N.Y. Mar. 10, 2010) (collecting cases stating no private cause of action created under 18 U.S.C. § 1001). Accordingly, Plaintiff's claims under 18 U.S.C. § 1001 will also be dismissed.

### C.     42 U.S.C. § 1983 Claims

Section 1983 only applies to individuals acting under color of state law and not to federal employees acting under federal law. *Billings v. United States*, 57 F.3d 797, 801 (1995)  Plaintiff alleges Defendants are all employed by the Department of Veterans Affairs, a federal agency, and he does not allege that they were acting under color of state law during the events that gave rise to his claims in this action. Accordingly, Plaintiff's § 1983 claims must be dismissed.

### D.     Defamation/Libel Claim

Plaintiff brings his defamation/libel claim under 28 U.S.C. § 4101 and *Bivens*. (Doc. 90 at 3.)  Section 4101 of Title 28 is the definitions section for the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"). A claim for defamation cannot be brought under the SPEECH Act because it is well established that "28 U.S.C. § 4101 is simply a definitional section (for statutes relating to foreign judgments) and does not provide for a private right of action." *Hall-Johnson v. City & Cnty. of San Francisco*, No. 18-cv-01409-LB, 2018 WL 9903325, at *9 (N.D. Cal. Sep. 6, 2018); *Dorsett v. DeSanto*, No. 16-cv-05802-JST, 2017 U.S. Dist. LEXIS 13600, at *4 (N.D. Cal. Jan. 31, 2017) ("While 28 U.S.C. § 4101 defines 'defamation,' it does not provide for jurisdiction in federal district court in suits brought by private citizens against private citizens of the same state."). Accordingly, Plaintiff's claim brought pursuant to 28 U.S.C. § 4101 must be dismissed. The claim for defamation/libel must also be dismissed to the extent it is brought under *Bivens*, as explained below.

. . . .

. . . .

### E. *Bivens* Claims

In *Bivens*, the Supreme Court recognized an implied cause of action for damages for persons injured by federal officers who violated the Fourth Amendment prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 396-97. Subsequently, the Supreme Court has only recognized *Bivens* claims under the Fifth Amendment Due Process Clause by an administrative assistant who claimed a Congressman had discriminated against her because of her gender, *Davis v. Passman*, 442 U.S. 228 (1979), and under the Eighth Amendment prohibition against cruel and unusual punishment by a prisoner who claimed federal prison officials had failed to treat his asthma, *Carlson v. Green*, 446 U.S. 14 (1980). "These three cases . . . represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017); *see Egbert v. Boule*, 596 U.S. 482, 484 (2022).

Although the Supreme Court has not "dispense[d] with *Bivens* altogether," it has "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert*, 596 U.S. at 491 (quoting *Ziglar*, 582 U.S. at 135). In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed: a court first must consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases, and, if so, a court must then apply a "special factors analysis" to determine whether there are "special factors counselling hesitation" in expanding *Bivens*. *Ziglar*, 582 U.S. at 136. A *Bivens* action may constitute a new context depending on, for example:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 140.

However, these two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492. A court "must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies 'should be augmented by the creation of a new judicial remedy.'" *Id.* at 493 (quoting *Bush v. Lucas*, 462 U.S. 367, 388 (1983)). "The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts? The answer most often will be Congress." *Ziglar*, 582 U.S. at 135 (quoting *Bush*, 462 U.S. at 380).

"When an issue 'involves a host of considerations that must be weighed and appraised,' it should be committed to 'those who write the laws' rather than 'those who interpret them.'" *Id.* at 135-36 (quoting *Bush*, 462 U.S. at 380). And a court "may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Egbert*, 596 U.S. at 493 (quoting *Ziglar*, 582 U.S. at 137. "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Id.* (quoting *Ziglar*, 582 U.S. at 137). Even if the alternative remedies are not as effective as a *Bivens* remedy would be, the Court cannot "second-guess" Congress by "superimposing a *Bivens* remedy." *Id.* at 498.

Here, Plaintiff's defamation/libel, due process, and unlawful arrest claims arise in a new context because they are substantially and meaningfully different from the three types of cases in which the Supreme Court has recognized a *Bivens* remedy. The first of those cases, *Bivens*, involved the plaintiff's Fourth Amendment claim that federal agents made a warrantless entry of his apartment, handcuffed him in front of his family, searched his apartment, and arrested him on narcotics charges. *Bivens*, 403 U.S. at 389. The other two cases involved a Fifth Amendment claim against a Congressman for firing his female secretary, *Davis*, 442 U.S. at 230, and an Eighth Amendment claim against prison officials for failure to treat a prisoner's medical condition. *Carlson*, 446 U.S. at 16 & n.1.

In contrast, Plaintiff's defamation/libel claim is clearly not one of the three *Bivens* claims recognized by the Supreme Court. And Plaintiff's Fourth and Fifth Amendment claims—although brought under the same amendments as in *Bivens* and *Davis*, respectively—stem from his allegations that he was arrested at a Veterans Affairs clinic; placed in a holding cell and handcuffed to a bench for 30–45 minutes before being cited and released; and that Defendants withheld exculpatory evidence and made false statements concerning his arrest. These events are meaningfully different from the allegations in *Bivens* and *Davis* and are sufficient to make Plaintiff's claims arise in a new context. *See Ziglar*, 582 U.S. at 149 (explaining that "the new-context inquiry is easily satisfied" and that "even a modest extension is still an extension"); *see Monroe v. Kirby*, No. CV 21-0017-GW-PDX, 2022 WL 16959393, at *3 (C.D. Cal. Oct. 11, 2022) ("We deal here with an incident that occurred not in a private home, as in *Bivens*, but in a Veterans Administration hospital. This, in and of itself, without even needing to consider that a "new category of defendant" would be involved, is sufficient to make this case a "new context."); *see also Oliva v. Nivar*, 973 F.3d 438, 442-43 (5th Cir. 2020) (concluding that a Fourth Amendment claim centered on events involving plaintiff as he attempted to pass through security at a Veterans Affairs hospital "differs from *Bivens* in several meaningful ways," including that it "arose in a government hospital, not a private home," and "[t]he VA officers did not manacle [the plaintiff] in front of his family or strip-search him," and, consequently, "the context is new"). Here, Plaintiff's "claim involves different conduct by different officers from a different agency," and therefore, arises in a new context. *Oliva*, 973 F.3d at 443 (citation omitted).

Additionally, special factors counsel against extending *Bivens* to Plaintiff's claims. As previously explained, the existence of an alternative remedial structure, "alone," is sufficient reason to decline extending *Bivens* relief. *See Egbert*, 596 U.S. at 493 (quoting *Ziglar*, 582 U.S. at 137). Here, Plaintiff has the alternative remedies of pursuing the Veterans Affairs administrative process and bringing an appropriate claim for relief under the FTCA. *See Oliva*, 973 F.3d at 444. This special factor is not negated by the fact that

the FTCA limits liability for intentional and constitutional torts, and in fact, such limitations on FTCA relief are indicative of Congress' intent and are relevant to the special-factors inquiry. *See id.* ("we must consider what Congress has done and what Congress has left undone"). The Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief Bivens would. *See Egbert*, 596 U.S. at 498.

For the foregoing reasons, Plaintiff's *Bivens* claims must be dismissed.

**V.     Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim, the Court will dismiss the Fourth Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Fourth Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 83) and Plaintiff's Motion to Amend (Doc. 90).

(2)     Defendants' Motion to Dismiss (Doc. 83) is **denied as moot**.

(3)     Plaintiff's Motion to Amend (Doc. 90) is **granted**, and the Clerk of Court must **file** Plaintiff's proposed Fourth Amended Complaint (Doc. 90 at 1–4).

. . . .

. . . .

   (4) Plaintiff's Fourth Amended Complaint and this action are **dismissed with prejudice** for failure to state a claim. The Clerk of the Court shall enter judgment accordingly.

   Dated this 3rd day of June, 2024.

_____
James A. Teilborg
Senior United States District Judge